# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A-TEK MECHANICAL, INC., CURLY PHOM,<br><br>                    Plaintiff,<br><br>v.<br><br>KHW SERVICES, INC., JEFF NEWTON, SARAH NEWTON, and DOES 1 through 10, inclusive,<br><br>                    Defendants. | Case No.: 3:21-cv-01974-H-DDL<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE COUNTERCLAIM**<br><br>[Doc. No. 43.] |

    Defendant KHW Services, Inc. ("Defendant") filed the present motion for leave to file counterclaim against Plaintiffs A-Tek Mechanical, Inc. and Curly Phom (collectively, "Plaintiffs") on December 2, 2022. (Doc. No. 43.) On December 23, 2022, Plaintiffs filed an opposition. (Doc. No. 46.) On December 30, 2022, Defendant filed a reply. (Doc. No. 47.)

    A hearing on the motion is currently scheduled for Monday, January 30, 2023, at 10:30 a.m. The Court, pursuant to its discretion under Local Rule 7.1(d)(1), determines this matter is appropriate for resolution without oral argument, submits the motion on the parties' papers, and vacates the hearing. For the reasons below, the Court grants Defendant KHW Services, Inc.'s motion for leave to file counterclaim.

# BACKGROUND

On November 22, 2021, Plaintiffs filed a complaint against Defendants KHW Services, Inc., Jeff Newton, Sarah Newton, and Does 1 through 10 (collectively, "Defendants.") (Doc. No. 1.) In their complaint, Plaintiffs alleged twelve causes of action for: (1) alter ago; (2) breach of contract; (3) breach of the covenant of good faith and fair dealing; (4) breach of fiduciary duty; (5) trespass to chattels; (6) fraud; (7) unfair competition; (8) intentional interference with existing contract; (9) intentional interference with prospective economic advantage; (10) unjust enrichment & constructive trust; (11) declaratory relief; and (12) injunctive relief. (Doc. No. 1.) On January 19, 2022, Defendants filed a motion to dismiss, which the Court denied on August 1, 2022. (Doc. Nos. 8, 19.) On August 16, 2022, Defendants KHW Services, Inc. and Jeff Newton each filed answers to Plaintiffs' complaint. (Doc. Nos. 21, 22.) On August 17, 2022, Defendants filed a motion for reconsideration, which the Court granted in part and denied in part on October 13, 2022. (Doc. Nos. 23, 34.)

On November 2, 2022, the parties conducted an Early Neutral Evaluation with the magistrate judge that did not result in a settlement. (Doc. No. 37.) The magistrate judge issued a scheduling order regulating discovery and other pretrial proceedings following the Early Neutral Evaluation (Doc. No. 39.) The scheduling order required that "[a]ny motion to join other parties, to amend the pleadings, or to file additional pleadings" be filed by December 2, 2022. (Doc. No. 39.) On December 2, 2022, Defendant KHW Services, Inc. filed the present motion for leave to file counterclaim against Plaintiffs. (Doc. No. 43.) In its motion, Defendant seeks leave to file counterclaim against Plaintiffs for breach of contract due to allegedly unpaid consulting fees and an unpaid bonus (Doc. No. 43.)

# DISCUSSION

I.  **Legal Standards**

Federal Rule of Civil Procedure 15(a) allows a party to amend its pleading once as a matter of right prior to service of a responsive pleading. Thereafter, "a party may amend that party's pleading only by leave of the court or by written consent of the adverse party

and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Ninth Circuit has instructed that this policy is "to be applied with extreme liberality." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004). The decision whether to grant leave to amend "is entrusted to the sound discretion of the trial court." Pisciotta v. Teledyne Indus., Inc., 91 F.3d 1326, 1331 (9th Cir. 1996).

## II.   Analysis

After a careful analysis of the Rule 15 factors set forth in Johnson v. Buckley, the Court concludes that Defendant should be granted leave to file counterclaim. See 356 F.3d at 1077.

Plaintiff argues that Federal Rule of Civil Procedure 15 does not apply where, as here, Defendant is seeking to file a new pleading rather than amend a previously filed pleading. (Doc. No. 46.) The Court disagrees. "The standard for a motion for leave to file a counterclaim is the same as the standard governing a motion for leave to amend a pleading under Federal Rule of Civil Procedure 15(a)." Parra, Tr. of Laura E. Parra Revocable Tr. Dated Sept. 9, 1994 v. Parra, No. 20-cv-839-DMS-JLB, 2021 WL 2038323, at *6 (S.D. Cal. May 20, 2021).

Plaintiff also argues that Defendant incorrectly relies on the standard for amending pleadings under Rule 15 of the Federal Rules of Civil Procedure, rather than the standard under Rule 13(a) of the Federal Rules of Civil Procedure for compulsory counterclaims. (Doc. No. 46.) Plaintiff asserts that under Federal Rule of Civil Procedure 13(a), Defendant was required to allege the counterclaim at the time of Defendant's answer, filed on August 16, 2022. (Doc. No. 46.) Federal Rule of Civil Procedure 13(e), however, states that the "Court may permit a party to file a supplemental pleading asserting a counterclaim that matured or was acquired by the party after serving an earlier pleading." Fed. R. Civ. P. 13(e). Defendant alleges that information received from Plaintiff's insurance bond agent

on November 23, 2022 "shed further light on the veracity of KHW's claims." (Doc. No. 43 at 4.) Because information relating to Defendant's counterclaim was "acquired by the party after serving an earlier pleading," Defendant is not barred from seeking leave to file a counterclaim. Where "leave to file a counterclaim has been timely sought under Rule 13(e), the court should grant it applying the same standard as that of an amendment under Rule 15." Kuschner v. Nationwide Credit, Inc., 256 F.R.D. 684, 689 (E.D. Cal. 2009). Accordingly, the Court conducts its analysis based on the Rule 15 factors.

There is no evidence of bad faith by Defendant. In addition, there is no undue delay. Defendant filed the present motion shortly after receiving financial records from Plaintiff A-Tek on November 23, 2022. Defendant filed the motion for leave to file counterclaim within the timeframe required by the scheduling order.

There is no evidence of prejudice to Plaintiffs. "The party opposing amendment bears the burden of showing prejudice." DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987). Plaintiffs assert that they would be substantially prejudiced by this counterclaim because the "discovery cutoff in the pending action is fast approaching." (Doc. No. 46.) The scheduling order requires that all discovery be completed by March 17, 2023. (Doc. No. 39.) Because Defendant filed the motion within the time allotted by the scheduling order and discovery in this action is still ongoing, the Court concludes that Plaintiffs have not shown substantial prejudice. Finally, the proposed counterclaim is not futile, and Defendant has not previously sought leave to amend its answer.

## CONCLUSION

The Court grants Defendant's motion for leave to file counterclaim. Defendant must file any counterclaim within **14 days** from the date this order is filed.

**IT IS SO ORDERED.**

DATED: January 17, 2023

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT